MICHAEL J. TREZZA, ESQUIRE
State Bar No. 142922
LAW OFFICE OF MICHAEL J. TREZZA
506 Second Street
Yuba City, CA 95991
Telephone: (530) 673-5637

LAW OFFICE OF ROBERTO MARQUEZ
State Bar No. 131195
LAW OFFICE OF ROBERTO MARQUEZ
613 D Street
Marysville, CA 95901
Telephone: (530) 749-8766

Attorneys for Plaintiffs



FILED
Butte County Superior Court
JUL 23 2007
Sharol Strickland Clerk
By J. STEINBERG, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE

* * *

ROY ROSS BLAND,
FRANK JAMES WIGIERT,

    Plaintiffs,

vs.

CITY OF GRIDLEY, GRIDLEY-BIGGS POLICE DEPARTMENT, BRANDON WILSON, and DOES 1 to 25,

    Defendants.

Case No. 140547

COMPLAINT FOR DAMAGES

### FACTUAL ALLEGATIONS

1. Plaintiffs, ROY ROSS BLAND and FRANK JAMES WIGIERT (hereinafter "plaintiffs"), are, and at all relevant times herein, were citizens of the United States and residents of Butte County, California.

2. Defendant CITY OF GRIDLEY is, and at all relevant times mentioned herein was city duly incorporated and existing under the laws of the State of California. Defendant

1

Complaint for Damages   **EXHIBIT___A___**

GRIDLEY-BIGGS POLICE DEPARTMENT, was, and at all relevant times herein, a subdivision created and existing under the laws of the City of Gridley.

3. Defendant, BRANDON WILSON is, and at all relevant times herein was, a law enforcement officer, employed with and by the Gridley-Biggs Police Department, and was the agent, employee or representative of defendant GRIDLEY-BIGGS POLICE DEPARTMENT and was acting within the course and scope of his employment as such and with the authorization and ratification of the City of Gridley and Gridley-Biggs Police Department, and in doing the things hereinafter mentioned acted under color of authority as such and under color of the laws, statutes, ordinances, regulations, customs and usages of the State of California, City of Gridley and Gridley-Biggs Police Department and pursuant to the official policy of defendant municipality.

4. The true names and capacities, whether individual or otherwise, of DOES 1 through 25, inclusive, are unknown to plaintiffs, who therefore sue DOES 1 through 25 by fictitious names. Plaintiffs will amend the complaint to show their names and capacities when they have been ascertained.

5. Venue is appropriate in this jurisdiction as the actions taken by defendants occurred within Butte County.

6. On or about May 7, 2006, at approximately 12:52 a.m., defendant Wilson responded to a call requesting a report to be taken regarding an alleged battery at the Pheasant Club located at 493 B Street, Biggs, California. Officer Wilson entered the club and began walking directly toward plaintiff Bland who was at the club celebrating his birthday. As Officer Wilson approached, plaintiff Bland, sensing the officer mistakenly believed he (Bland) was causing or creating a disturbance, raised his hands in the air to indicate he was not looking for trouble and told the officer that he was not involved in the disturbance. When plaintiff did this, the officer was between 15 and 20 feet from him. Officer Wilson, without

provocation or warning, fired his X26 Taser, striking Mr. Bland in the left side of his chest, resulting in an electrical shock causing Mr. Bland to fall to the ground. Mr. Wigiert, observing what happened, moved to aid Mr. Bland. Officer Wilson then struck Mr. Wigiert in the head with the butt of his taser and in his face with his fist. As a result, Mr. Wigiert was rendered unconscious and suffered a deep laceration to his head.

7. Following the incident, Officer Wilson prepared a police report in which he falsely claimed that Mr. Bland and Mr. Wigiert were struggling, that he (Officer Wilson) attempted to separate the two plaintiffs and was attacked by both plaintiffs and he responded by using the taser to disable Mr. Bland and striking Mr. Wiegiert with the taser and a fist to subdue Mr. Wigiert.

8. As a result of the false statements made by Officer Wilson, plaintiffs were arrested and charged with battery on a peace officer and resisting arrest.

## FIRST CAUSE OF ACTION

### (Deprivation of Constitutional Rights Under Color Of State Law; 42 USC Section 1983)

9. The allegations set forth in paragraphs 1 through 8 above are realleged and incorporated herein by reference.

10. This cause of action is for deprivation of constitutional rights under color of state law brought pursuant to the reclassification of Section 1979 of the Civil Rights Act of 1971, Title 4, United States Code, Section 1983, for remedies for defendants deprivation of each plaintiff's civil rights. Plaintiffs allege that defendant, BRANDON WILSON, unnecessarily and without provocation or justification of any kind, assaulted and battered each plaintiff (as described more fully in paragraph 6 above), and then intentionally, maliciously, and fraudulently made false statements in a police report that directly led to the arrests and

criminal charges brought against plaintiffs. By this action plaintiffs seek all legal and equitable relief to which they may be entitled, including, but not limited to, compensatory and punitive damages, attorney's fees and costs, prejudgment interest, and injunctive relief against defendants.

11. At all relevant times defendant Wilson was a law enforcement officer employed by defendant GRIDLEY-BIGGS POLICE DEPARTMENT and in doing all of the things mentioned above, acted under color of his authority as such, and under the color of the statutes, ordinances, regulations, customs, and usages of the State of California, the City of Gridley, and the Gridley-Biggs Police Department and pursuant to the official policy of defendant, CITY OF GRIDLEY as created by the chief of police acting under color of his authority as such.

12. By reason of defendants' conduct, plaintiffs, and each of them, were deprived of their rights, privileges, and immunities secured to them by the Constitution of the United States and laws enacted thereunder, in that the contacts on each plaintiff's person, restrictions on their movements, and falsification of evidence against them deprived plaintiffs of liberty and property without due process of law.

13. As a direct and proximate result of defendants' actions against plaintiffs as alleged above, plaintiffs have each been harmed in that plaintiffs sustained abrasions, contusions and lacerations as a result of being subjected to an electric charge from a taser and being struck with the taser itself and Officer Wilson's fist.

14. As a direct and proximate result of defendants' actions as alleged above, plaintiffs have incurred and continue to incur medical and related expenses.

15. As a direct and proximate result of the defendants' actions as alleged above, plaintiffs were hurt and injured in their health, strength, and activity, sustaining injury to the nervous systems and persons, all of which has caused and continues to cause each plaintiff

embarrassment, humiliation, anxiety, severe emotional distress and physical and mental pain and suffering.

16. As a direct and proximate result of defendants' conduct, plaintiffs have suffered and continue to suffer losses in earnings and have sustained a loss in present and future earning capacity.

17. Defendants, and each of them, engaged in the conduct as hereinabove alleged, acted fraudulently, maliciously, oppressively, and with a reckless disregard for each plaintiff's rights and safety, and thereby each plaintiff is entitled to an award of punitive damages. Defendants, and each of them, authorized and ratified the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted fraudulently, maliciously, oppressively, and with reckless disregard for the rights and safety of the plaintiffs, thereby entitling each plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION

### (Battery)

18. The allegations set forth in paragraphs 1 through 17 above are realleged and incorporated herein by reference.

19. On or about May 7, 2006, at approximately 12:52 a.m., defendant Wilson discharged his X26 Taser which made contact with plaintiff Bland's left side, causing him to fa to the ground. Immediately thereafter, defendant Wilson struck plaintiff Wigiert in the head with the butt of the taser and in the face with his fist, rendering plaintiff Wigiert unconscious and causing a severe head laceration. As set forth in more detail above in paragraphs 6 through 8, all of the following took place at the Pheasant Club located at 493 B Street in Biggs California, when defendant Wilson, acting within the course and scope of his duty as a law

enforcement officer with the Gridley-Biggs Police Department responded to a request that a report of a battery at the Pheasant Club be made.

20. In doing the acts alleged above, defendant Wilson acted with the intent to make contact with both plaintiffs' person.

21. In doing the acts alleged above, and immediately prior thereto, neither plaintiff took any action any reasonable person would perceive as threatening or hostile.

22. At no time did either plaintiff consent to any of the acts of defendant Wilson as described above.

23. As a direct and proximate result of the acts of defendant Wilson, plaintiffs suffered abrasions, contusions, and lacerations, which required emergency medical treatment and follow-up care that continues to the present.

24. As a direct and proximate cause of the acts of defendant Wilson plaintiffs have incurred and continue to incur medical and related expenses.

25. As a direct and proximate result of defendant's action as alleged above, plaintiffs were hurt and injured in their health, strength, and activity, sustaining injury to their nervous systems and persons, all of which has caused and continues to cause each plaintiff embarrassment, humiliation, anxiety, severe emotional distress and physical and mental pain and suffering.

26. As a direct and proximate result of defendants' conduct, plaintiffs have suffered and continue to suffer losses in earnings and have sustained a loss in present and future earning capacity.

27. Defendants, and each of them, engaged in the conduct as hereinabove alleged, acted fraudulently, maliciously, oppressively, and with a reckless disregard for each plaintiff's rights and safety, and thereby each plaintiff is entitled to an award of punitive damages. Defendants, and each of them, authorized and ratified the wrongful conduct complained of

herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted fraudulently, maliciously, oppressively, and with reckless disregard for the rights and safety of the plaintiffs, thereby entitling each plaintiff to an award of punitive damages.

## PRAYER

**WHEREFORE,** plaintiffs pray for judgment against defendants, and each of them, as follows:

1. For a money judgment representing compensatory damages for past and future medical expenses according to proof;

2. For a money judgment representing compensatory damages for past and future wage loss, and all other sums of money, including employment benefits, together with interest on said sums, and any other economic injury, according to proof;

3. For a money judgment representing compensatory damages for losses resulting from pain, suffering, mental and emotional distress, fear, anxiety, embarrassment and humiliation in an amount according to proof;

4. For punitive damages in an amount appropriate to punish defendants for their wrongful conduct;

5. For reasonable attorney's fees and costs;

6. For interest as alleged by law and costs of suit incurred herein; and

7. For such other and further relief as the Court may deem proper.

Dated: July 12, 2007.

LAW OFFICE OF MICHAEL J. TREZZA

By _____
MICHAEL J. TREZZA

LAW OFFICE OF ROBERTO MARQUEZ

By _____
ROBERTO MARQUEZ