```
DENNIS HALSEY, ESQ. SBN. 66091
Law Office of Dennis Halsey
9 Highland Circle
Chico, CA 95926
(530) 345-1976
Fax (530) 894-7783

Attorney for defendants
City of Gridley, Gridley Police Department,
and Brandon Wilson
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO

| | |
|---|---|
| ROY ROSS BLAND AND FRANK JAMES WIGIERT<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF GRIDLEY., ET AL,<br>　　　　　　　Defendants.<br>_____/ | CASE NO. 02:07-CV-01786 LEW-CMK<br><br>JOINT STATUS REPORT<br>(FRCP Rule 16; LR 16-240) |

Defendants the City of Gridley, the Gridley Police Department, and Brandon Wilson and plaintiffs Roy Ross Bland and Frank James Wigiert submit the following Joint Status Report.

a) The nature of the case;

　　　This is an action for an alleged violation of plaintiffs' civil rights, and for a state tort claim (battery). Plaintiffs originally filed their action in the Butte County Superior Court; defendants removed the action to this court based on the provisions of 28 U.S.C. 1441 (b) because plaintiffs' action arises under the provisions of 42 U.S.C.§ 1983 (Fourth

Joint Status Report

- 1 -

Amendment–battery and false police report) and, therefore, this Court has original jurisdiction under 28 U.S.C. § 1331.

On May 7, 2006 an officer of the Gridley Police Department (who is not a defendant) arrested plaintiffs following a bar fight in the Pheasant Club in Biggs. Officer Brandon Wilson was the first officer on the scene and plaintiffs allege that Officer Wilson used unnecessary force when he intervened in the fight. Also, they allege that he provided other officers of the Gridley Police Department with false information concerning the fight and that as a result of that false information, other officers arrested plaintiffs.

Officer Wilson alleges that the force he use was reasonable and necessary in order to protect himself from plaintiffs' battery and that his report was accurate.

Plaintiffs were charged with various misdemeanors, including battery on a peace officer, and as a result of a negotiated plea they pleaded no contest to a single charge of fighting in a public place.

On July 23, 2007 plaintiffs filed an action in the Butter County Superior Court against the City of Gridley, the Gridley Police Department, and Officer Brandon Wilson, alleging violations of their civil rights and battery.

Defendants answered the state court action and removed it to federal court. Their state court action alleges various affirmative defenses, and they demanded a jury trial. Subsequent to removal, defendants filed a separate Demand for Jury Trial.

b) Progress in Service of Process;

Although defendants were not validly served with process, they elected to answer the complaint, and to remove the case to this Court, so all named defendants have appeared and have submitted themselves to the jurisdiction of this Court.

c) Possible Joinder of Additional Parties;

1     The parties do not contemplate the joinder of additional parties.

2  d) Amendment of Pleadings;

3     Defendants request an order that their Answer be amended to add an additional
4  affirmative defense as follows: "For an additional affirmative defense to the Complaint and to
5  each claim in it, defendants allege that the criminal charges filed against plaintiffs were filed by a
6  prosecutor who exercised independent prosecutorial judgment, and the prosecutor's action was
7  an independent, superceding cause of the attorney's fees plaintiffs incurred in defending the
8  criminal charges filed against them." Plaintiffs agree that the Court may amend the Answer in
9  that respect.

10

11 e) Jurisdiction and Venue;

12    This Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 and
13 venue is proper in this court, under the provisions of 28 U.S.C. § 1391 (b) because the alleged
14 wrongful acts occurred in the Eastern District of California, to the extent they occurred at all.

15

16 f) Anticipated Motions and the Scheduling of Motions;

17    Defendants the City of Gridley and the Gridley Police Department expect to file motions
18 for summary judgment because they believe that there is no viable claim of entity liability. They
19 wish to file their motions for summary judgment on or before January 30, 2009.

20

21 g) Discovery and Scheduling of Discovery;

22    (1) Changes in Rule 26 (a) Disclosures;

23    None. The parties have all served their Rule 26 Disclosures.

24    (2) Scope of Discovery, discovery completion, phased or focused discovery;

25    Discovery should be conducted on all matters alleged in the Complaint and in the Answer
26 to the Complaint. Discovery should be completed (Meaning all discovery motions should be

27

28 Joint Status Report

- 3 -

heard and all discovery orders made and compliance ordered) on or before November 28, 2008. Phased discovery should not be ordered except for disclosure of expert witnesses.

    (3) Changes in discovery limitations;

Defendants contend that because of the factual and legal complexity of this case, the time limit for depositions of the parties should be extended from one, seven hour day to one, one and one-half, eleven hour day. Plaintiffs agree.

Defendants contend that because of the number of witnesses to the events referred to in the Complaint, and because of the need for and the number the number of expert witnesses, the number of depositions should be increased from ten to twenty-five. Plaintiffs agree.

    (4) Expert disclosure;

Expert witnesses should be disclosed as follows: plaintiffs to disclose expert witnesses on or before September 26, 2008 and defendants should disclose expert witnesses on or before October 10, 2008.

h) Dates for future Proceedings;

Discovery cut-off should be on November 28, 2008. All dispositive motions should be filed on or prior to January 30, 2009. Final Pre Trial Conference should be in March, 2009. Trial should be in May, 2009.

i) Appropriateness of Special Procedures;

    None are presently contemplated.

j) Estimate of trial time;

    Defendants have demanded a jury trial and they estimate trial time to be ten (10) days.

k) Modification of standard pretrial procedures;

Joint Status Report

1 | None.

l) Related cases;

None.

m) Settlement conference;

No.

n) Other matters;

None.

Date: October 10, 2007  /s/ Dennis Halsey
Dennis Halsey, Esq.
Attorney for City of Gridley, Gridley Police Department, and Brandon Wilson

Date: October 12, 2007  /s/ Michael Trezza
Michael Trezza, Esq. Attorney for
Roy Ross Bland and Frank James Wigiert

Date: October 12, 2007  /s/ Roberto Marquez
Roberto Marquez, Esq. Attorney for
Roy Ross Bland and Frank James Wigiert

Joint Status Report

- 5 -